**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4311**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

CARL BRIAN TAYLOR,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge. (CR-02-339)

———————

Submitted:  September 11, 2003      Decided:  September 17, 2003

———————

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carl Brian Taylor appeals the sentence imposed following his guilty plea to unarmed bank robbery. After finding that Taylor was a career offender pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2002), the district court sentenced Taylor to 152 months imprisonment. Taylor contests his career offender status, arguing that his predicate convictions were not alleged in the indictment. We affirm.

Taylor contends that, under Apprendi v. New Jersey, 530 U.S. 466 (2000), facts that increase the sentencing guideline range must be charged in the indictment and proved beyond a reasonable doubt. However, Apprendi is not implicated when the fact at issue is the existence or validity of a prior conviction, see id. at 490, or when the sentencing court makes factual findings that increase the sentencing guideline range but the sentence does not exceed the statutory maximum, see Harris v. United States, 536 U.S. 545, 557-58 (2002). The statutory maximum for Taylor's offense is 240 months. See 18 U.S.C. § 2113(a) (2000). Thus, Apprendi is inapplicable to Taylor's sentence.

Accordingly, we affirm Taylor's sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2